UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SVI, INC., | Case No. 2:16-cv-01098-JAD-NJK |
| Plaintiff(s), | ORDER |
| vs. | (Docket No. 75) |
| SUPREME CORPORATION, et al., | |
| Defendant(s). | |

Pending before the Court is Supreme Corporation's motion to stay discovery. Docket No. 75. The Court finds neither further briefing nor a hearing to be necessary. *See* Local Rule 78-1. For the reasons discussed below, the motion to stay is **DENIED**.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking a stay carries the heavy burden of making a strong showing why discovery should be denied. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff

will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[1]

The Court is not "convinced" that Supreme Corporation will succeed on its dispositive motions.[2] Indeed, United States District Judge Jennifer A. Dorsey has already held that venue is proper in this court and that Plaintiff stated a claim against Supreme for at least misappropriation of trade secrets. Docket No. 62 at 7 ("**This district is the proper venue for SVI's claims**" (emphasis in original)); *id.* at 8 ("**SVI states a claim for misappropriation of trade secrets against only Supreme Corp.**" (emphasis in original)); *see also id.* at 13 (finding that SVI stated a claim for unjust enrichment to the extent it is based on the trolley assets).[3] Accordingly, Supreme Corporation's motion to stay discovery is **DENIED**.

Supreme Corporation also makes an alternative argument that the discovery allowed should be limited to the misappropriation of trade secrets claim. *See* Docket No. 75 at 9. This argument is not meaningfully developed as no standards are outlined and no legal authority is cited, other than a reference to the objectives of Rule 1. *See id.* As discussed above, the Court will not enter a blanket stay of discovery as to Supreme Corporation in this case. To the extent Supreme Corporation believes the law supports its contention that discovery should only be allowed as to the trade secrets claim, it shall

---

[1] Conducting this preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.*

[2] Supreme Corporation asserts that a lower standard applies to the preliminary peek with respect to issues of venue. *See* Docket No. 75. Regardless of the standard of preliminary peek applied as to the venue challenge, the Court finds a stay is not appropriate in light of Judge Dorsey's previous holding that venue is proper in this district. *Cf. Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at *2 (D. Nev. Oct. 31, 2013) (noting more lenient standards for staying discovery when a pending motion to dismiss challenges personal jurisdiction, but denying a stay of discovery when the assigned district judge had previously held that personal jurisdiction exists in resolving initial motion to dismiss).

[3] Supreme Corporation also references a "notice" that it filed through which it apparently seeks dismissal of this case. Docket No. 75 at 7 n.4. Even assuming such a notice is properly before the Court despite seeking relief without being filed as a motion, the Court has considered the arguments presented therein on their merits and is not convinced that dismissal will be granted.

file a proper motion meaningfully developing such arguments following the required pre-filing conference among counsel. *See* Local Rule 26-7(c).

Similarly, Supreme Corporation implies that the scope of discovery sought is otherwise too broad and improper. *See, e.g.*, *id.* at 3, 8-9. To the extent Supreme Corporation believes any discovery served contravenes Rule 26 in that it is overbroad or not proportional to the needs of the case, it shall file a proper motion for protective order meaningfully developing such arguments following the required pre-filing conference among counsel. *See* Local Rule 26-7(c).[4]

IT IS SO ORDERED.

DATED: January 20, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[4] The motion incorrectly states that "the Court has already ruled that defendants Double K and Pence are automatically entitled to a stay of discovery now that they have filed their renewed Rule 12(b)(2) motion." Docket No. 75 at 3. The Court made no such ruling. Instead, it ruled that these Defendants must file any renewed motion to stay discovery before January 27, 2017, and that "discovery as to both of them will be stayed pending this Court's ruling on the motion to stay." Hearing Rec. (1/10/2017) at 2:48 p.m. (emphasis added). This Court has not ruled that these Defendants are entitled to a stay of discovery pending resolution of their motion to dismiss.