**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SVI, INC., | Case No. 2:16-cv-01098-JAD-NJK |
| Plaintiff(s), | |
| vs. | ORDER GRANTING MOTION TO STAY DISCOVERY |
| SUPREME CORPORATION, et al., | (Docket No. 77) |
| Defendant(s). | |

Pending before the Court is the motion to stay discovery filed by Defendants Double K and Dustin Pence. Docket No. 77; *see also* Docket No. 72 (motion to dismiss). Plaintiff filed a response in opposition and Defendants filed a reply. Docket Nos. 84, 85. The Court finds the motion properly decided without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion to stay discovery is hereby **GRANTED**.[1]

Courts have broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action. *Id.* at

---

[1] The Court previously denied the motion to stay discovery filed by Defendant Supreme Corporation. Docket No. 76. Nothing herein alters that discovery shall proceed with respect to Defendant Supreme Corporation.

602-03. Motions to stay discovery pending resolution of a dispositive motion may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the burden of establishing that discovery should be stayed. *See Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at *1 (D. Nev. Oct. 31, 2013) (citing *Holiday Sys., Int'l of Nev. v. Vivarelli, Scharwz, and Assocs.*, 2012 U.S. Dist. Lexis 125542, *5 (D. Nev. Sept. 5, 2012)).

Among other issues raised, Defendants seek dismissal for lack of personal jurisdiction. Docket No. 72 at 6-9. Generally speaking, a pending motion challenging personal jurisdiction "strongly favors a stay, or at a minimum, limitations on discovery until the question of jurisdiction is resolved" because such a motion presents a "critical preliminary question." *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 1600768, at *1 (D. Nev. Apr. 8, 2015) (collecting cases). In determining whether a stay is appropriate, the Court is mindful that "how the undersigned sees the jurisdictional picture may be very different from how the assigned district judge will see the jurisdictional picture." *Id.* at *2 (quoting *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, 2012 U.S. Dist Lexis 146270, *10 (D. Nev. Oct. 10, 2012)). Nonetheless, the filing of a motion challenging personal jurisdiction does not mandate a stay of discovery and the Court retains discretion to require discovery to go forward. *Kabo Tools*, 2013 WL 5947138, at *2.

Applying these standards with respect to Defendants' personal jurisdiction challenge, the Court finds that sufficient cause exists to **GRANT** the motion to stay discovery.[2]

IT IS SO ORDERED.

DATED: March 7, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Because the Court finds a stay of discovery appropriate based on the personal jurisdiction challenge, the Court does not herein address the other grounds for dismissal raised by Defendants.