**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SVI, INC., | Case No. 2:16-cv-01098-JAD-NJK |
| Plaintiff(s), | |
| v. | AMENDED ORDER |
| | (Docket No. 106) |
| SUPREME CORPORATION, et al., | |
| Defendant(s). | |

On March 7, 2018, the Court determined that Defendant Supreme was entitled to recover expenses incurred in relation to its motion to compel discovery. Docket No. 105. Pending before the Court is Defendant Supreme's motion to calculate those expenses. Docket No. 106. Plaintiff SVI filed a response in opposition, and Supreme filed a reply. Docket Nos. 111, 15. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is **GRANTED** in part and **DENIED** in part.

**I.     ATTORNEYS' FEES**

Reasonable attorneys' fees are generally calculated using the traditional "lodestar" method. *See, e.g.*, *Camacho v. Bridgeport Fin'l, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar

figure is presumptively reasonable. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).[1]

A. REASONABLE HOURS

The touchstone in determining the hours for which attorneys' fees should be calculated is whether the identified expenditure of time was reasonable. *See, e.g., Marrocco v. Hill*, 291 F.R.D. 586, 588 (D. Nev. 2013). The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination . . . regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)). The reasonableness of hours expended depends on the specific circumstances of each case. *Camacho*, 523 F.3d at 978. In reviewing the hours claimed, the Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary. *See, e.g.*, *Hensley*, 461 U.S. at 433. In determining the reasonableness of hours spent in relation to a motion, the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing. *See, e.g.*, *Marrocco*, 291 F.R.D. at 588.

In this case, Defendant indicates that two partners and an associate spent 73.2 hours in relation to the motion to compel. *See, e.g.*, Docket No. 106 at 4. Plaintiff balks at this figure, arguing that it represents inefficiency by excess attorneys. Docket No. 111 at 1.[2] The court finds the number of hours expended to be excessive.

First, as an overarching matter, Defendant essentially acknowledges that it took a "no stone unturned" approach to briefing the motion to compel. *See* Docket No. 106 at 4 (asserting that the attorneys

---

[1] Adjustments to the lodestar are proper in only "rare and exceptional cases." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). A departure from the lodestar is not warranted in this case.

[2] Plaintiff's responsive brief is 16 lines in length, includes no points and authorities, and does not provide meaningfully developed argument. *See* Docket No. 111. As such, the brief is not helpful. Nonetheless, the Court has conducted an independent review of the reasonableness of the expenses being sought. *See Gates*, 987 F.2d at 1401 ("the district court is required to independently review [a] fee request even absent [] objections").

worked "to ensure that the client obtained the required outcome"). At the same time, the motion to compel itself characterized the discovery in dispute as "basic contention interrogatories" and the responses thereto as "undisputably deficient." Docket No. 100 at 11. Moreover, Defendant concedes that the motion to compel "did not involve novel or difficult questions of law." Docket No. 106 at 4. The Court agrees that the motion did not involve novel or complex issues requiring extensive research and analysis, which seriously undermines the reasonableness of claiming over 70 hours in briefing such a motion. Parties and their attorneys are free to take a "no stone unturned" approach, but they cannot recover attorneys' fees based on the hours associated with such an approach that are excessive. *See, e.g.*, *Aevoe Corp. v. AE Tech Co.*, 2013 WL 5324787, *5 (D. Nev. Sept. 20, 2013) (citing *Aevoe Corp. v. Shenzhen Membrane Precise Electron Ltd.*, 2012 WL 2244262, *10 (D. Nev. June 15, 2012)). The Court finds the hours expended are excessive considering the lack of complexity of the issues raised, the relatively limited need to conduct legal research, and the length of the briefing.[3]

Second, a straightforward discovery dispute should not require extensive involvement of two partners and an associate. Defendant is claiming that the partner acting as local counsel expended 15.1 hours, the out-of-state partner expended another 18.8 hours, and the associate expended another 39.3 hours. *See, e.g.*, Docket No. 106 at 4. Billed time that includes unnecessary duplication of effort should be excluded from the lodestar. *See Herrington v. County of Sonoma*, 883 F.2d 739, 747 (9th Cir. 1989). "[C]ourts ought to examine with skepticism claims that several lawyers were needed to perform a task, and should deny compensation for such needless duplication as when three lawyers appear for a hearing when one would do." *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004) (internal citations omitted).[4] The hours claimed clearly include unnecessary duplication of effort.

---

[3] As an obvious example, counsel expended 4.0 hours drafting and editing a supplemental notice. Docket Nos. 106-2 at 3, 106-5 at 5. That notice consisted of 19 lines of text, and included no citation to legal authority or legal analysis. Docket No. 103. Expending 4.0 hours on such a notice is nowhere near reasonable for purposes of awarding attorneys' fees against one's litigation opponent.

[4] Of course, awarding fees for work by multiple attorneys is not always impermissible, as some degree of duplication is necessary in every case. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

3

Third, Defendant is seeking to recover for a fairly significant number of hours spent by its attorneys preparing for and conducting the required pre-filing conference. *See, e.g.*, Docket Nos. 106-2 at 2; 106-5 at 2-3. Absent unusual circumstances, such as bad faith by the opposing party, the time expended meeting-and-conferring prior to filing a discovery motion is not recoverable. *See, e.g.*, *Aevoe Corp.*, 2013 WL 5324787, at *6 & n.12 (collecting cases). Defendant has not shown such circumstances exist here, so the time spent on the mandatory pre-filing conference will be excluded.[5]

In short, the Court finds the hours claimed in relation to the motion to compel to be excessive. The Court instead finds, given the circumstances of this case, the following to be reasonable:

**Motion to Compel**

- George T. Graves: 12.0 hours
- Richard Anigian: 5.0 hours
- Kristen T. Gallagher: 3.0 hours

**Reply**

- Mr. Graves: 6.0 hours
- Mr. Anigian: 2.5 hours
- Ms. Gallagher: 1.5 hours

**Supplement**

- Mr. Graves: 0.2 hours
- Ms. Gallagher: 0.1 hours

Hence, a reasonable number of hours expended is 18.2 hours for Mr. Graves, 7.5 hours for Mr. Anigian, and 4.6 hours for Ms. Gallagher. Moreover, the Court has already determined based on the mixed results on the motion to compel that only half that time should be recoverable, Docket No. 105 at 4

---

[5] At the same time, it is not entirely possible in this case to differentiate between the hours expended preparing for the pre-filing conference and those expended preparing for drafting the motion to compel. *See, e.g.*, Docket No. 106-5 at 2 (entry for 2.2 hours expended by Mr. Anigian reviewing discovery responses and developing strategy for obtaining further responses); *id.* (entry for 3.1 hours expended by Mr. Graves, *inter alia*, discussing the deficiencies with the discovery responses). The Court has accounted for some preparation time in the hours awarded for the motion to compel.

(applying Fed. R. Civ. P. 37(a)(5)(C)), and the hours included in the lodestar will therefore be 9.1 hours for Mr. Graves, 3.75 hours for Mr. Anigian, and 2.3 hours for Ms. Gallagher.

B.  HOURLY RATES

Having determined the hours reasonably expended by counsel, the Court turns to the hourly rate with which to calculate the lodestar. The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of the hourly rates requested. *Camacho*, 523 F.3d at 980. "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "Affidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court may also rely on its own familiarity with the rates in the community to analyze those sought in the pending case. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

The determination of a reasonable hourly rate "is not made by reference to rates actually charged the prevailing party." *Schwarz v. Sec. of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986)); *see also Maldonado v. Lehman*, 811 F.2d 1341, 1342 (9th Cir. 1987) (counsel's customary rate is not controlling with respect to prevailing rate). Quite simply, "[t]he prevailing market rate analysis is a distinct question from the hourly rate actually charged to the client." *CLM Partners LLC v. Fiesta Palms, LLC*, 2013 WL 6388760, *5 (D. Nev. Dec. 5, 2013).

Case law is ample that the upper range of the prevailing rates in this District is $450 for partners and $250 for experienced associates. *See, e.g.*, *Topolewski v. Blyschak*, 2018 WL 1245504, at *4 & n.48 (D. Nev. Mar. 8, 2018) (Dorsey, J.) (collecting cases).[6]

---

[6] As a general rule, the "relevant legal community" for purposes of determining reasonable hourly rates encompasses the forum in which the court sits. *See, e.g.*, *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir.

In this case, Mr. Graves is an associate with seven years of litigation experience, Mr. Anigian is a partner with more than 30 years of litigation experience, and Ms. Gallagher is a partner with 12 years of litigation experience. Docket No. 106 at 6-7. Counsel have also submitted information as to, *inter alia*, their educational background and the reputations of their law firms. *See id.* Based on the information provided and the Court's familiarity with the prevailing rates, the Court finds the appropriate hourly rates in this case to be $225 for Mr. Graves, $450 for Mr. Anigian, and $375 for Ms. Gallagher.

C. LODESTAR

For the reasons outlined above, the Court finds the reasonable time expended to be 9.1 hours for Mr. Graves, 3.75 hours for Mr. Anigian, and 2.3 hours for Ms. Gallagher, and the reasonable hourly rates to be $225 for Mr. Graves, $450 for Mr. Anigian, and $375 for Ms. Gallagher. Accordingly, the lodestar total is: $4,597.50.

**II. COSTS**

Defendant also seeks to recover its costs for legal research. Docket No. 106-3. The "expenses" allowed under Rule 37 of the Federal Rules of Civil Procedure include both attorneys' fees and costs reasonably incurred in bringing the motion to compel. *See, e.g.*, *Aevoe Corp.*, 2013 WL 5324787, at *8. Recoverable costs include those incurred for legal research. *Id.* at *9. Moreover, the Court finds the costs incurred for legal research ($217.46) to be reasonable in this case. Accordingly, accounting for the 50% apportionment already ordered, the Court will award $108.73 in costs.

//
//
//
//
//
//

---

1997). Rates from another forum may be used if attorneys within the forum are "unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *Id.* (quoting *Gates*, 987 F.2d at 1405). Such circumstances do not exist here, so the Court will rely on the prevailing hourly rate within this District.

## III. CONCLUSION

For the reasons outlined above, the motion to calculate expenses is **GRANTED** in part and **DENIED** in part. The Court awards $4,597.50 in attorneys' fees and $108.73 in costs, to be paid by April 19, 2018.

IT IS SO ORDERED.

DATED: April 9, 2018

NANCY J. KOPPE
United States Magistrate Judge